UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIKHAIL MEEROVICH,

                                    **Case No.: 1:22-cv-7625 (DLI) (LB)**

                  Plaintiff,

      -against-

BIG APPLE INSTITUTE INC., and
BRONISLAV LEYDIKER,

                  Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' TO DISMISS THE COMPLAINT OR COMPEL ARBITRATION**

 

**AKILOV LAW, P.C.**

Mark Akilov, Esq.
147-44 Jewel Ave
Flushing, NY 11367
646-361-6274
MAkilov1@gmail.com

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Defendants move to dismiss the complaint for improper venue or, in the alternative, to compel arbitration. Defendants contend that Plaintiff signed an agreement requiring him to mediate, then arbitrate, his claims. Defendants also argue that a venue provision requires that any disputes between the parties must be decided in the Supreme Court of the State of New York, County of Kings. For the reasons set forth below, their motion must be denied.

As an initial matter, there was no meeting of the minds, as required, for the purported agreement to be enforceable. As set forth in Plaintiff's declaration in opposition, Defendants hoodwinked the Plaintiff into signing by effectively threatening him he would lose his job unless he signed.[1] Further, Defendants incorrectly explained that the agreement changes his hourly rate from $12.00 per hour to $13.00 per hour but simultaneously reduces his daily hours from eight (8) hours per day to 7.4 hours per day such that his salary effectively remained the same. This constitutes, in each respect, a failure of consideration and frustration of purpose such that no valid agreement was formed. Moreover, based on the substantive and procedural unconscionability cited above, it is evident that this agreement cannot be enforced.

Finally, the venue provision is unenforceable for the same reasons and because it both deprives Plaintiff of his statutory rights and is not conspicuous enough to satisfy the requirements under the law to constitute a valid mandatory forum selection clause.

Accordingly, Defendants' motion must be denied in its entirety, except that Plaintiff is prepared to mediate this case by and through a mediation referral order pursuant to Local Civil Rule 83.8.

---

[1] Defendants also misrepresent that individual defendant Bronislav Leydiker ("Leydiker") met with the Plaintiff when that is just not true; it was Alla from the bookkeeping office who met with him. See Declaration of Plaintiff Mikhail Meerovich in Opposition ("Plaintiff Decl.") ¶¶ 12-18.

**LEGAL STANDARD**

§ 4 of the FAA requires courts to compel arbitration in accordance with the terms of an arbitration agreement, provided that there is no issue regarding its formation or validity. See AT & T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011). In deciding a motion to compel arbitration, courts apply a similar standard to that applied to a motion for summary judgment and "draw all reasonable inferences in favor of the non-moving party." See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016) (citing Wachovia Bank, Nat'l Ass'n v. VCG Special Opportunities Master Fund, Ltd., 661 F.3d 164, 171-72 (2d Cir. 2011)); Soliman v. Subway Franchisee Advert. Fund Tr., Ltd., 999 F.3d 828, 833-34 (2d Cir. 2021) (first quoting Nicosia, 834 F.3d at 229; and then quoting Meyer v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017)).

Thus, a court should "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." Id.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, provides that agreements to arbitrate are valid and enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract." Id. § 2. Validity, revocability, and enforceability of arbitration agreements are determined by reference to state law. See Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 629-31 (2009).

The party seeking arbitration bears the initial burden of showing that an agreement to arbitrate existed. See Hines v. Overstock.com, Inc., 380 F. App'x 22, 24 (2d Cir. 2010). The burden then shifts to the party resisting arbitration to show that the agreement is inapplicable or invalid. Id.

The threshold question facing any court considering a motion to compel arbitration is ... whether the parties have indeed agreed to arbitrate. See Doctor's Assocs., Inc. v. Alemayehu, 934 F.3d 245, 250 (2d Cir. 2019) (quoting Schnabel v. Trilegiant Corp., 697 F.3d 110, 118 (2d Cir. 2012))). As argued below, the parties made no agreement and Defendants' motion must be denied.

## FACTS

In the interest of brevity, Plaintiff respectfully refers this Court to the Declaration of Plaintiff Mikhail Meerovich for the relevant facts. See Plaintiff Decl. ¶¶ 1-26.

## ARGUMENT

### I. THERE WAS NO VALID AGREEMENT TO ARBITRATE

Arbitration agreements are treated as any other contract; thus, they are governed by state law principles of contract formation. See Schnabel, 697 F.3d at 119. Because arbitration agreements are subject to the same principles as other contracts, "a party may be compelled to arbitrate a dispute only to the extent he or she has agreed to do so." See Nayal v. HIP Network Servs. IPA, Inc., 620 F. Supp. 2d 566, 569 (S.D.N.Y. 2009) (citing Bell v. Cendant Corp., 293 F.3d 563, 566-67 (2d Cir. 2002)); see also Bynum v. Maplebear Inc., 160 F. Supp. 3d 527, 533-34 (E.D.N.Y. 2016) ("Arbitration is a matter of contract.

When enforcing an arbitration agreement, as with any other contract, the parties' intentions control"). Under New York law, a contract is valid if there is "offer, acceptance, consideration, mutual assent and intent to be bound." See Rensselaer Polytechnic Inst. v. Varian, Inc., 340 Fed. Appx. 747, 749 (2d Cir. 2009)). "In the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract ... is conclusively presumed to know its contents and to assent to them." See Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004) (internal quotation marks and citations omitted).

"Mutual assent requires, in turn, a meeting of the minds of the parties, and if there is no meeting of the minds on all essential terms, there is no contract." See Prince of Peace Enters., Inc. v. Top Quality Food Mkt., 760 F. Supp. 2d 384, 397 (S.D.N.Y. 2011) (cleaned up).

"'[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements' in accordance with § 2 of the FAA." See Nayal, 620 F. Supp. 2d at 570 (quoting Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996)). Section 2 of the FAA, therefore, "permits invalidation of arbitration clauses on grounds applicable to 'any contract.'" See AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339-40 (2011).

The Supreme Court explained that there were two types of challenges to arbitration clauses: the first type challenges "'specifically the validity of the agreement to arbitrate,'" while the second challenges "'the contract as a whole, either on a ground that directly affects the entire agreement (e.g., the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.'" See Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 70 (2010) (quoting Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444 (2006)). "If a party challenges the validity ... of the precise agreement to arbitrate at issue,"—that is, makes the first type of challenge—"the federal court must consider the challenge before ordering compliance with that agreement[.]" Id. at 71. "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." See Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 528 (2019); see also Nicosia, 834 F.3d at 229 ("The question of whether the parties have agreed to arbitrate, i.e., the 'question of arbitrability,' is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.").

Crucially, under New York contract law, "'if the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger, unless the signer be negligent, the writing is void.'" See Ahmed v. Domino's Pizza LLC, No. 21-CIV.-3113 (CS), 2022 WL 2666005, at *5 (S.D.N.Y. July 11, 2022) (citing Solis v. ZEP LLC, No. 19-CIV.-4230, 2020 WL 1439744, at *4 (S.D.N.Y. Mar. 24, 2020) (quoting Pimpinello v. Swift & Co., 253 N.Y. 159, 163 (1930))).

Here, it is patently evident the parties did not agree to arbitrate. Defendants pushed the Plaintiff into a room, misrepresented the contents of the writing, directed him to quickly complete the agreement and sign it, implying along the way that he will lose his job if he does not do so, and provided him no opportunity whatsoever to have the agreement reviewed before completing it. See Plaintiff Decl. ¶¶ 5-21. Moreover, the contents of the agreement were clearly misread to the Plaintiff, as Defendants merely told him "this is the work agreement" and failed to explain in any detail that they outlined everything he was agreeing to by signing the agreement then and there. This is contrary to Defendants' false story that Plaintiff took the agreement home with him and returned it signed. Id. at ¶¶ 15-21. Because this is a classic case of employer overreaching of a helpless and indigent employee, there can be no finding that the parties agreed to arbitrate.

## II.   THE FORUM SELECTION CLAUSE IS UNENFORCEABLE

To determine whether a forum selection clause is enforceable, the Court must ask: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is "mandatory or permissive," i.e., whether the parties "are required to bring any dispute to the designated forum or simply permitted to do so"; and (3) "whether the claims and parties involved in the suit are subject to the forum selection clause." See Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014).

5

"If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable." Id. A party may only overcome this presumption by "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. To rebut a presumption that a forum selection clause is valid, a party must show that: (1) the forum selection clause's incorporation was the result of fraud or overreaching, (2) the law to be applied in the selected forum is fundamentally unfair, (3) enforcement contravenes a strong public policy of the forum in which suit is brought, or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC, 509 F. Supp. 3d 38 (S.D.N.Y. 2020).

A forum selection clause is unreasonable if, among other reasons, the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court" or enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, in this case New York state court. See Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972).

In deciding a motion to dismiss based on a forum-selection clause, "a district court typically relies on pleadings and affidavits," unless disputed facts exist that would require an evidentiary hearing. See Martinez, 740 F.3d at 216-17 (2d Cir. 2014). "The overriding framework governing the effect of forum selection clauses in federal courts ... is drawn from federal law." See Martinez, 740 F.3d at 217. To determine whether to enforce a forum-selection clause, i.e., step four of the analysis, courts apply federal law. Id.

Here, the forum selection clause is invalid on the same grounds as the arbitration agreement, and on other grounds.

First, the clause was not reasonably communicated to the Plaintiff. As set forth above, Plaintiff has a very rudimentary understanding of the English language and, while he can speak English, he cannot read a complicated nine-page single-spaced contract presented to him in less than five (5) minutes. Second, even assuming that he can read English (which he cannot) and was given ample to read it (he was not), the forum selection clause – while bolded – is buried in the penultimate page without being capitalized and is therefore insufficiently conspicuous.

In addition, enforcement of the forum selection clause would be unreasonable and unjust because Plaintiff seeks to pursue a class action under Rule 23, which would permit a class action of statutory claims under New York Labor Law § 195 for recordkeeping violations, while Article 9 of the New York Civil Practice Law & Rules prohibits class action of those claims because they are considered penalties. By forcing Plaintiff into state court to litigate his federal and state claims there, Plaintiff is unreasonably and unjustly being deprived of his rights.

Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(3) must be denied.

### III. ALTHOUGH INVALID, PLAINTIFF HAS NO OBJECTION TO MEDIATION

As set forth above, there was no meeting of the minds because Defendants swindled and took advantage of the Plaintiff's inability to understand the written English word and his desire to keep his job. However, although the parties' purported agreement was invalid, and in an effort to conserve judicial resources consistent with Rule 1, Plaintiff is prepared to mediate his claims under Local Civil Rule 83.6 or at JAMS so long as Defendants pay the entire cost of a mediation before JAMS.

Indeed, Plaintiff has already submitted a settlement demand for Defendants' consideration.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court grant deny Defendants' motion in its entirety, or – alternatively – stay a determination of the instant motion pending mediation under Local Civil Rule 83.6 or at JAMS (so long as Defendants pay in full).

Dated:   Flushing, New York
        June 26, 2023                              Respectfully submitted,

**AKILOV LAW, P.C.**

By:  */s/   Mark Akilov, Esq.*
Mark Akilov, Esq.
147-44 Jewel Ave
Flushing, NY 11367
646-361-6274
MAkilov1@gmail.com

*Attorneys for Plaintiff*