UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIKHAIL MEEROVICH,

                              Plaintiff,

         -against-

BIG APPLE INSTITUTE INC., and
BRONISLAV LEYDIKER,

                             Defendants.
-----------------------------------------------------------------X

**Case No.: 1:22-cv-7625 (DLI) (LB)**

**DECLARATION OF MIKHAIL MEEROVICH IN OPPOSITION TO DEFENDANTS' <u>MOTION TO DISMISS</u>**

       Mikhail Meerovich declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

       1.      I am the Plaintiff in the above-referenced case.

       2.      As such, I am familiar with all the facts and circumstances heretofore had herein based upon my personal knowledge and a review of the documents filed in support of the Defendants' motion to dismiss.

       3.      My attorney is fluent in both Russian and English and translated this declaration for me prior to my signing it.

       4.      I have reviewed the documents submitted by the Defendants in support of their motion to dismiss, and wish to address several incorrect statements made by Defendant Bronislav Leydiker ("Leydiker") in his declaration before explaining the circumstances of the "agreement."

       5.      First, Leydiker states that I speak Russian and English, and communicated regularly in both languages, but the truth is that Leydiker only spoke to me in Russian, never English.

       6.      While I am fully fluent in Russian, my English is basic and rudimentary, such that I can communicate in English, but I am unable to read and understand a contract.

1

7. I only recall being approached by Leydiker when being interviewed for a position with Defendants in or about April 2017.

8. However, I was never hired on a part-time or temporary basis, and worked full-time since I began working for Defendants.

9. In December 2018, I met with a woman who worked for Defendants named Alla that worked in the bookkeeping office.

10. The employees were called one by one, such that after an employee returned to his station, another was called to meeting with Alla.

11. The employees and I were not addressed in a group and instead the Defendants opted to speak to us individually.

12. When I met with Alla, the entire meeting took approximately three (3) minutes and was very rushed. She spoke to me only in Russian, not English.

13. I was told that my hours were going to decrease from eight (8) hours a day to 7.4 hours per day going forward, but that my pay would be unaffected, even though I worked much more hours than that every single day that I worked.

14. I was told that my salary of approximately $26,000.00 per year would remain the same.

15. Alla placed documents in front of me and directed me to fill things in on the spot.

16. I was given no opportunity to review and it was effectively implied that I cannot keep my job unless I sign the documents then and there, which I was requested to do.

17. Contrary to Leydiker's declaration, he did not tell me: (i) I can take the agreement home to review it; (ii) I was free to have the agreement reviewed by an attorney before signing it; or (iii) if the agreement was acceptable, I should sign and return it to him after the holiday recess.

18. In fact, as set forth above, Leydiker was not even the one who met with me!

19. Moreover, I was given no time whatsoever to review it and was conveyed to me that unless I sign it right away, I will lose by job.

20. Neither Leydiker nor Alla discussed the agreement with me in Russian, nor was the agreement translated.

21. There was no explanation as to what the agreement contained, except that "this is the work agreement," or words to that effect.

22. During COVID, I was asked to come to work and start working earlier at 7:30 AM, but was told not to clock in until the scheduled time of 8:00 AM.

23. I often came at 7:15 AM instead because there was so much to be done.

24. I bring this to the court's attention because the Defendants cannot have it both ways: they cannot fail to abide by their own agreement, yet expect me to abide by it, especially when I was given no chance to read nor understand the terms of the agreement.

25. Had I been afforded any opportunity to review this agreement, I would have attempted to at least negotiate its terms prior to signing it.

26. I respectfully request that this Court deny the relief requested herein, or – in the alternative – to require a hearing such that Plaintiff can prove he never agreed to arbitrate his claims for the reasons set forth above.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 26, 2023.

                                                                     Mikhail Meerovich

4