**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**MIKHAIL MEEROVICH,**

**Plaintiff,**

**- against -**

**BIG APPLE INSTITUTE INC., and**
**BRONISLAV LEYDIKER**

**Defendants.**

**Case No. 1:22-cv-07625**

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

**SITARAS & ASSOCIATES, PLLC**
George Sitaras, Esq.
Gerasimos D. Liberatos, Esq.
200 Liberty Street 27th Floor
New York, New York 10281
Tel: (212) 430-6410
*Attorneys for Defendants*
*Big Apple Institute, Inc. and*
*Bronislav Leydiker*

Defendants Big Apple Institute, Inc. ("Big Apple") and Bronislav Leydiker ("Leydiker") (collectively "Defendants") respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss Plaintiff Mikhail Meerovich's ("Meerovich" or "Plaintiff") complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue or, in the alternative, compel arbitration pursuant to the Federal Arbitration Act ("FAA").

## PRELIMINARY STATEMENT

In an attempt to vitiate an otherwise valid forum selection and arbitration clause in the Employment Agreement dated January 1, 2019 ("Agreement"), Plaintiff claims that he was unable to understand English, and was "pushed … into a room, misrepresented the contents of the writing, directed him to quickly complete the agreement and sign it, implying along the way that he will lose his job if he does not do so and provided him no opportunity whatsoever to have the agreement reviewed before completing it." (*See* Plaintiff's Memo of Law p. 5).

Although Defendants dispute these allegations, even assuming *arguendo* that they were true, they still would not be enough to void the Agreement in light of the long line of New York cases holding that a party cannot be excused for his or her own failure to read and understand the contents of an agreement. Moreover, Plaintiff admits that he understood he was signing a "work agreement", in which he "fill[ed]" the blanks in the Agreement *in English*, and it was his alleged failure to have the Agreement explained to him or translated.

Accordingly, Defendants' motion to dismiss the Complaint, or stay the action and compel mediation and arbitration pursuant to the dispute resolution clause in the Agreement must be granted.

1

## ARGUMENT

### PLAINTIFF'S EXCUSE THAT HE FAILED TO READ OR UNDERSTAND THE AGREEMENT IS INSUFFICIENT TO VITIATE THE AGREEMENT UNDER NEW YORK LAW

It is well settled under New York law that "a party will not be excused from his failure to read and understand the contents" of a contract. *De Jesus v. Gregorys Coffee Mgt., LLC,* 2022 US Dist LEXIS 139619, at *24 (EDNY June 9, 2022, No. 20-CV-6305 [MKB] [TAM]); *see also Solis v ZEP LLC,* 2020 US Dist LEXIS 50797, at *10 (SDNY Mar. 24, 2020, No. 19cv4230 [JGK]]) (stating that "someone who signs a document without any valid excuse for having failed to read it is conclusively bound by its terms").

"New York courts have repeatedly ruled that even the fact that a prospective employee possesses an imperfect grasp of the English language will not relieve the employee of making a reasonable effort to have the document explained to him." *Id.; see Solis,* 2020 US Dist LEXIS 50797, at *10 (stating that "[a] person who is illiterate in the English language is not automatically excused from complying with the terms of a contract simply because he or she could not read it[, because] [s]uch persons must make a reasonable effort to have the contract read to them.")

To fit within the "narrow exception", the movant must establish that the "signer is illiterate, or blind, or ignorant of the alien language of the writing, **and** the contents thereof are misread or misrepresented to him by the other party, or even by a stranger, unless the signer be negligent, the writing is void*." Solis,* 2020 US Dist LEXIS 50797, at *10 (citing *Pimpinello v. Swift & Co.*, 253 N.Y. 159, 170 N.E. 530, 531 [N.Y. 1930]). (emphasis added).

2

Moreover, when a party claims that an agreement is unconscionable it must prove "that he was misled, or that the contents of the agreements were 'misread or misrepresented to him.'" *De Jesus*, 2022 US Dist LEXIS 139619, at *24. Indeed, "[a] misunderstanding, or lack of inquiry, regarding the nature of a contract is not enough to prove procedural unconscionability." *Id.* (citing to *Victorio v. Sammy's Fishbox Realty Co., LLC*, 2015 US Dist LEXIS 61421, at *31 [SDNY May 6, 2015] [finding no evidence that high pressure tactics were used but holding that "even if someone had, that would not be enough to make the agreement unconscionable"]); *see also Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 571 [SDNY 2009]) (holding that "even if the Agreement was a form contract offered on a 'take-it-or-leave-it' basis and [the party] refused to negotiate the Arbitration Provision, this is not sufficient under New York law to render the provision procedurally unconscionable."); *Ciago v. Ameriquest Mortg. Co.*, 295 F. Supp. 2d 324, 329 (S.D.N.Y. 2003) (holding that "[t]he mere fact that an agreement to arbitrate was required as a condition of employment, or continued employment, also is insufficient to invalidate the provision.").

However, a defense of unconscionability requires a showing of not only procedural unconscionability, but substantive unconscionability as well, which exists when the terms are grossly unreasonable by favoring the party seeking to enforce the contract. *De Jesus*, 2022 US Dist LEXIS 139619, at *24 (citing to *Gonzalez v Toscorp Inc.*, 1999 US Dist LEXIS 12109, at *7 [SDNY Aug. 5, 1999, 97 Civ. 8158 (LAP)]) (stating that "a mandatory arbitration clause is a reasonable means by which an employer can seek to protect itself from protracted litigation," and is not, by itself, unconscionable.)

3

In *De Jesus*, a case on all fours with the one at bar, the employee argued that the arbitration agreement is void because he was incapable of reading and understanding any legal document written in English and because the employer told the employee they were "documents" he needed to sign. *De Jesus*, 2022 US Dist LEXIS 139619, at *24. The District Court rejected the employee's arguments and held that the employee failed to establish that the employer used misleading or high-pressure tactics to secure the employee's signature on the agreements to arbitrate. *Id.* The Court reasoned that "[t]here was no credible evidence offered to demonstrate that [the employee] was affirmatively misled about the contents of the arbitration agreements, or that he was denied an opportunity to review and ask questions about them." *Id.* at *26. In its reasoning, the Court noted that although Plaintiff did not appear to be fluent, "he did speak and understand some English".

Moreover, the Court in *De Jesus*, rejected the employee's contentions that the agreement was unconscionable because it was required to sign the arbitration agreement at Gregorys Coffee. The Court held that "courts in this circuit have found that including an arbitration agreement as a condition of employment does not render it procedural unconscionable." *Id.* at *29. The Court added that the employee has a reasonable opportunity to learn about the terms of the arbitration agreements, "[b]ut there was never a time … when [the employee] went to [the employer] to express any concerns with respect to the arbitration agreements" *Id* at *27.

Here, as in *De Jesus*, the Plaintiff fails to meet its burden of showing that the Agreement falls within the narrow exception because Plaintiff's affidavit does not allege,

he was illiterate, or blind, or ignorant of the English language, **and** that the contents thereof are misread or misrepresented to him.

To the contrary, Plaintiff admits that he filled-in information in the Agreement **in English**, which included his name, address, employment position [i.e. "cook-assistant"], start date [1/1/2019], and school year [2018-2019].  (Meerovich Decl. ¶15)

Moreover, Plaintiff admits that he had a "basic and rudimentary" understanding of English and can communicate in English, not that he was illiterate, blind or ignorant of English, as required to meet the narrow exception to void the Agreement. (*Id.*, ¶6)

Furthermore, Plaintiff cannot meet the second element—that the contents of the Agreement were misread or misrepresented to him—because he admits that "no explanation" was given to him. (*Id.*, ¶21 ["There was no explanation as to what the agreement contained, except that 'this is the work agreement,' or words to that effect"]). His admission that he was told the document was a "work agreement", which is an accurate description of the document, further undermines his position because he understood the subject matter and purpose of the document.

Plaintiff also does not allege that he made any effort to ascertain the contents of the Agreement, or to read and understand it before signing.  For instance, he did not allege that he asked Defendants to explain, interpret or translate the Agreement before signing, or that they refused to do so.

Instead, Plaintiff's testimony, even if fully credited by this Court, is devoid of any allegations that he was affirmatively misled about the contents of the arbitration agreements, or that he was denied an opportunity to review and ask questions about them.

Rather, Plaintiff concedes that he made no reasonable effort to have the Agreement explained to him or translated.

The fact that Big Apple required the Agreement as a condition to employment is not unreasonable or unconscionable, and permitted under New York law. *De Jesus*, 2022 US Dist LEXIS 139619, at *29.

Lastly, the two cases cited by Plaintiff are readily distinguishable with the facts at bar. In *Syed Alamgir Ahmed v. Domino's Pizza LLC*, 2022 US Dist LEXIS 122111, at *12 (SDNY July 11, 2022, No. 21-CV-3113 [CS]), the court noted "that if Plaintiffs do not understand English and relied exclusively on the Bengali translation of the Acknowledgement, the contents of the Arbitration Agreement were misrepresented and the contract is void. However, the court held that "[w]ithout a hearing to determine the extent to which Plaintiffs understand English and whether they in fact relied on the Bengali translation, [the court] cannot rule as to whether the Arbitration Agreement is void." *Id.*

In *Solis,* 2020 US Dist LEXIS 50797, at *10, the court held that the employer exploited a close relationship with an employee as well as the employee's lack of English literacy to place the employee in a situation in which he would sign the arbitration agreement on the spot without a meaningful opportunity to have the agreement translated. Indeed, the court's holding were based on facts where the employee was forced to sign the arbitration agreement "under circumstances that were sufficiently rushed in the kitchen amidst other employees that he did not recall the specifics."

In contrast to *Syed Alamgir Ahmed* and *Solis*, Plaintiff admits he can understand basic English, and did not rely on translation or explanation of the Agreement by the Defendants or a third party. Accordingly, no evidentiary hearing is warranted.

Thus, the Court should respectfully dismiss Plaintiff's Complaint in its entirety based on the forum selection and arbitration clauses in the Agreement.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss this action for improper venue or, alternatively, compel arbitration.

Dated: New York, New York
       July 25, 2023

**SITARAS & ASSOCIATES, PLLC**

By: __*/s/ Gerasimos D. Liberatos*__
       George Sitaras, Esq.
       Gerasimos D. Liberatos, Esq.
200 Liberty Street 27th Floor
New York, New York 10281
Tel: (212) 430-6410
*Attorneys for Defendants*
*Big Apple Institute, Inc. and*
*Bronislav Leydiker*

7