```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MIKHAIL MEEROVICH,                                                 :
                                                                   :
                                    Plaintiff,                     :
                                                                   :           MEMORANDUM AND ORDER
                  -against-                                        :
                                                                   :           22-cv-7625(DLI)(LB)
BIG APPLE INSTITUTE INC., and                                      :
BRONISLAV LEYDIKER,                                                :
                                                                   :
                                    Defendants.                    :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Mikhail Meerovich ("Plaintiff") filed the instant action against his former employer, Big Apple Institute, Inc. ("Big Apple"), and one of its agents, Bronislav Leydiker ("Leydiker") (collectively, "Defendants") on behalf of himself and similarly situated employees alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* and 650 *et seq.* *See*, Complaint ("Compl."), Dkt. Entry No. 1. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue alleging that a forum selection clause in Plaintiff's Support Staff Employment Agreement (the "Employment Agreement") requires any disputes be brought exclusively in New York State Supreme Court, Kings County. Mot. to Dismiss, Dkt. Entry No. 14; Employment Agreement ¶ 19, Dkt. Entry No. 14-2. In the alternative, Defendants move to compel mediation and arbitration under the terms of the Employment Agreement. Employment Agreement ¶ 18. Plaintiff opposed the motion contending that he is not bound by the forum selection, meditation, and arbitration clauses because, among other things, he could not understand the contract as it was written in English and he was subjected to high pressure tactics into signing it. Pls.' Mem. of Law in Opp'n ("Opp'n"). Defendants replied. Reply, Dkt. Entry No. 19.

For the reasons set forth below, Defendants' motion to dismiss is granted without prejudice to refiling in New York State Supreme Court, Kings County. As such, the Court need not reach Defendants' motion to compel mediation and arbitration.

## BACKGROUND

Plaintiff was employed by Defendant Big Apple from April 1, 2017 to December 16, 2020 as a kitchen worker. Compl. ¶¶ 19–20. Big Apple is a day care center located in Brooklyn, New York that primarily serves low income Eastern European immigrant communities. *Id.*; Declaration of Bronislav Leydiker ("Leydiker Decl.") ¶ 4, Dkt. Entry No. 14-1. Most of the faculty, staff, students, and families at Big Apple, including Plaintiff, speak Russian or Ukrainian. Leydiker Decl. ¶ 4; Declaration of Mikhail Meerovich (Meerovich Decl.) ¶ 6, Dkt. Entry No. 17.

Plaintiff alleges that Defendants engaged in four categories of unlawful practices under the FLSA and NYLL. First, he claims Defendants failed to pay him overtime wages for 55-hour work weeks. Compl. ¶¶ 21–27, 60–75. Second, Plaintiff asserts that Defendants failed to pay him spread of hours compensation for each day he worked more than ten hours. Compl. ¶¶ 28, 87–90. Third, he claims that Defendants engaged in pay frequency violations by paying him biweekly instead of weekly. Compl. ¶¶ 33, 91–103. Finally, he alleges that Defendants disregarded recordkeeping and notice requirements by failing to maintain accurate records and provide wage notice and accurate wage statements at the time of hire. Compl. ¶¶ 34–37, 76–86.

In December 2018, after working at Big Apple for over a year, Plaintiff met with "Alla," one of Big Apple's bookkeepers, to execute a formal employment agreement. Meerovich Decl. ¶ 9. The Employment Agreement was written in English. *See generally*, Employment Agreement. Plaintiff is fluent in Russian, but claims he only has a "basic and rudimentary" understanding of English. Meerovich Decl. ¶ 6. While he "can communicate in English," he is "unable to read and

2

Case 1:22-cv-07625-DLI-LB   Document 20   Filed 03/27/24   Page 3 of 15 PageID #: 130

understand a contract" in the English language. *Id.* Plaintiff asserts that he was "pushed"[1] into Alla's office for a "three . . . minute[]" conversation where she explained, in Russian, changes to his hours and salary, and "directed" him to fill out the Employment Agreement "on the spot." *Id.* at ¶¶ 12–15; Opp'n at 6. Plaintiff alleges that he was "given no opportunity to review" the Employment Agreement, and it "effectively [was] implied that [he could not] keep [his] job unless [he] sign[ed] the documents then and there, which [he] was requested to do." Meerovich Decl. ¶ 16. He further contends that he had "no time whatsoever to review" the agreement and it "was conveyed to [him]" that he would lose his job if he did not "sign it right away." *Id.* at ¶ 19. Alla did not explain the contents of the Employment Agreement , only stating that it was the "work agreement." *Id.* at ¶ 21. However, Plaintiff does not dispute that he signed the Employment Agreement or that the Employment Agreement attached as an exhibit to Defendants' motion is in fact, the document he signed. Notably, while Plaintiff asserts that the Employment Agreement was executed in December 2018, the agreement actually is dated January 1, 2019. *See*, Employment Agreement at 1.

Defendants counter that Plaintiff is bound by a forum selection clause contained in the Employment Agreement, which states:

> <u>Applicable Law</u>. This Agreement shall be construed in accordance with the laws of the State of New York without regard to the conflicts of laws principles thereof. **The parties agree that the Supreme Court of the State of New York, County of Kings, shall have exclusive jurisdiction over any suit, action or proceeding arising out of or relating to this Agreement. The Employee hereby agrees and consents to personal jurisdiction of the Courts of the State of New York, County of Kings, as the exclusive jurisdiction and venue for any disputes, controversies, or claims arising out of the relationship between the parties and this Agreement, and waives all defenses based on forum non-conveniens.**

---

[1] It is unclear whether Plaintiff intended to use the word "pushed" literally or if it was merely a stylistic choice by Plaintiff's Counsel.

Defs.' Mem. at 8, Dkt. Entry No. 14-5 (emphasis in original); Employment Agreement ¶ 19 (emphasis in original). Defendants assert that the forum selection clause: (1) was "reasonably communicated" to Plaintiff; (2) designated New York State Supreme Court, Kings County as the exclusive venue to resolve disputes; (3) covers the claims and parties to this action; and (4) it would not be unreasonable or unjust to enforce the clause against Plaintiff. Defs.' Mem. at 12–15.

In support of the motion, Defendant Leydiker submitted a declaration contradicting Plaintiff's version of events regarding the execution of the Employment Agreement. *See generally*, Leydiker Decl. Leydiker attests that: (1) he met with Plaintiff personally in December 2018; (2) he told Plaintiff he could take the Employment Agreement home to review it on his own or with an attorney; and (3) Plaintiff returned the signed Employment Agreement after the holiday recess. Leydiker Decl. ¶¶ 9–10.

By contrast, Plaintiff contends that: (1) the forum selection clause was not "reasonably communicated" to him because (a) his native language is Russian and he has limited proficiency in the English language; (b) Defendants engaged in high pressure tactics and misrepresented the Employment Agreement; and (c) the text of the clause itself is inconspicuous; and (2) enforcing the forum selection clause would be unfair or unjust because he will not be able to recover certain statutory remedies on a class basis under New York's class action statute. Opp'n at 8.

## DISCUSSION

### I. Legal Standard

Defendants have framed their motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). However, they actually seek to enforce a forum selection clause in the Employment Agreement to resolve the instant dispute in state court. Thus, the Court interprets the

4

motion as one for dismissal based on *forum non conveniens*. *See*, *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) (explaining that "the appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens," not Fed. R. Civ. P. 12(b)(3)). "A valid and enforceable contractual forum selection clause can constitute sufficient grounds for dismissal." *Yovel-Bash v. Wellesley Asset Secured Portfolio, Inc.*, 2013 WL 4781539 at *8 (S.D.N.Y. Sep. 5, 2013) (citing *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 478 (2d Cir. 2011)).

In evaluating a motion to dismiss based on a forum selection clause, the Court typically relies solely on the pleadings and affidavits. *Martinez v. Bloomberg LP*, 740 F.3d 211, 216–17 (2d Cir. 2014) (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007)). The party seeking to avoid enforcement of the clause is entitled to have disputed facts resolved in its favor, and no disputed fact should be resolved against that party absent an evidentiary hearing. *Id.* (citing *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997)). However, whether to hold an evidentiary hearing is within the sound discretion of the district court. *Thibodeau v. Pinnacle FX Invs.*, 2008 WL 4849957, at *4 (E.D.N.Y. Nov. 6, 2008) (citations omitted).

Here, Plaintiff's affidavit consists of bald assertions that Defendants engaged in high pressure tactics, but is devoid of facts substantiating his assertions. Defendants' affidavit, on the other hand, provides facts contradicting Plaintiff's version of events, further corroborated by the Employment Agreement Plaintiff admits he signed. However, in this case, an evidentiary hearing is unnecessary because the forum selection clause is valid and enforceable as a matter of law. *See*, *Phillips*, 494 F.3d at 383; *Thibodeau*, 2008 WL 4849957 at *5 (finding evidentiary hearing unnecessary because "plaintiff has alleged no facts that would provide grounds to invalidate the

5

forum selection clause"). Accordingly, the Court will proceed solely on the pleadings and affidavits.

The Second Circuit in *Phillips* set forth a four-prong inquiry courts must engage in when determining whether to dismiss claims based on a forum selection clause: (1) whether the clause "was reasonably communicated to the plaintiff[,]" which is "a question of law." *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995); (2) whether the clause is mandatory or permissive; and (3) "whether the claims and parties involved in the suit are subject to the forum selection clause." *See*, *Phillips*, 494 F.3d at 383. If the first three elements are met, the forum selection clause "is presumptively enforceable." *Id.*

Fourth, the resisting party can rebut the presumption of enforceability by making a "sufficiently strong" showing "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 711 (2d Cir. 2010). This exception to enforceability is interpreted narrowly, rendering forum selection clauses unreasonable only if: (1) their incorporation into the agreement was the result of fraud or overreaching; (2) for all practical purposes, the complaining party will be deprived of his day in court due to the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the clauses contravene a strong public policy of the forum state. *Id.* (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir.1993)). Under the circumstances of this case, Plaintiff cannot rebut the enforceability of the forum selection clause as discussed further below.

## II.   Validity of the Forum Selection Clause

### A.   Reasonable Communication

Here, the forum selection clause was reasonably communicated to Plaintiff. Plaintiff does not dispute that he was presented with and signed the Employment Agreement. Instead, he argues that his assent to the agreement was invalid under the doctrine of unconscionability and, consequently, no contract was formed because: (1) he has a limited understanding of the English language and could not understand the Employment Agreement; (2) Defendants directed him to sign it on the spot without an opportunity to review it; (3) Defendants "effectively implied" that he would lose his job if he did not sign the agreement; and (4) Defendants did not explain the nature of the Employment Agreement and misrepresented it as merely a "work agreement." *See*, Meerovich Decl. ¶¶ 6, 9, 12, 15–16, 19, 21.

Plaintiff's assertions are contradicted by Defendant Leydiker's declaration. Leydiker attests that he did personally meet with Plaintiff in December 2018, reviewed the Employment Agreement with him and told Plaintiff that he could take the document home to review it further himself or with an attorney. Moreover, Leydiker attested that Plaintiff returned the Employment Agreement <u>after</u> the holidays, which is supported by the January 1, 2019 date on the Employment Agreement. *See*, Employment Agreement at 1. Notably, Plaintiff does not challenge the Employment Agreement itself.

The parties apparently agree that New York law governs the interpretation and validity of the Employment Agreement. Accordingly, the Court will apply New York law. *See, Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004) ("[T]he parties' briefs assume that New York law controls this issue, and such implied consent . . . is sufficient to establish choice of law." (internal quotation marks omitted)). To establish unconscionability pursuant to New York law,

7

"there must be a showing that such a contract is both procedurally and substant[ively] unconscionable." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 122 (2d Cir. 2010) (quoting *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp.2d 566, 571 (S.D.N.Y. May 28, 2009)).

As to procedural unconscionability, Plaintiff asserts, in conclusory fashion, that he was given "no opportunity to review" the Employment Agreement, and it was "effectively implied" that he "[could not] keep [his] job" unless he signed the agreement on the spot. Meerovich Decl. ¶¶ 6, 16. The Court need not accept these vague and conclusory assertions. *Smith v. Metro. Museum of Art*, 2016 WL 10571898, at *1 (S.D.N.Y. Dec. 28, 2016), aff'd, 697 F. App'x 96 (2d Cir. 2017) (explaining that courts "need not accept allegations that are vague or conclusory" at the motion to dismiss stage). Plaintiff does not allege that Defendants actually uttered any threat. Nor does he attest in his declaration that he asked for and was denied an explanation of, or opportunity to review, the Employment Agreement. *See, e.g.*, *Victorio v. Sammy's Fishbox Realty Co., LLC*, 2015 WL 2152703, at *13 (S.D.N.Y. May 6, 2015) (arbitration clause was valid even though plaintiffs, Spanish speaking immigrants with limited resources and education, "felt pressured to sign documents on the spot without a chance to review them" because there was "no evidence that anyone actually uttered [] a threat [to their employment] . . . [and,] even if someone had, that would not be enough to make the agreement unconscionable"). These bald assertions by Plaintiff are contradicted by Defendant Leydiker's declaration, wherein he attests that he met he met with Plaintiff personally and let him review the agreement over the holiday break. Leydiker Decl. ¶¶ 9–10. "Even if acceptance of the agreement was a condition of employment, courts within this circuit have held that it would not be unconscionable. *Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, 2010 WL 3743826, at *8 (S.D.N.Y. Sept. 24, 2010) (collecting cases); *Sammy's Fishbox, LLC*,

2015 WL 2152703 at *13 ("[T]hat Plaintiffs felt they had to sign the agreement in order to keep their jobs does not make the agreement unconscionable."). Consequently, Plaintiff has failed to establish that the forum selection clause was not "reasonably communicated" to him.

Significantly, Plaintiff admittedly "can communicate" in English and has a "basic and rudimentary" understanding of the English language. Meerovich Decl. ¶ 6. Plaintiff's ability to read and understand the Employment Agreement is supported by the fact that he appropriately filled out the contract's blanks in English. *See,* Employment Agreement ¶¶ 1–2. As Plaintiff is not completely illiterate in English, he had a duty to read and understand the terms of the Employment Agreement. *See, Sammy's Fishbox*, 2015 WL 2152703 at *13 (finding arbitration clause valid where "Plaintiffs [were] capable of conversing in English to a limited extent").

The Second Circuit and New York State appellate courts have held repeatedly that, absent fraud, "the fact that a prospective employee possesses an imperfect grasp of the English language will not relieve the employee of making a reasonable effort to have the document explained to him." *Ragone*, 595 F.3d at 122; *Holcomb v. TWR Express, Inc.*, 11 A.D.3d 513, 514 (2nd Dept. 2004) ("A party who executes a contract is presumed to know its contents and to assent to them. . . . [and] [a]n inability to understand the English language, without more, is insufficient to avoid this general rule."); *Pimpinello v. Swift & Co.*, 253 N.Y. 159, 163 (1930) ("If the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him by the other party, or even by a stranger, unless the signer be negligent, the writing is void.").

Contrary to Plaintiff's assertion, Defendants' description of the contract as a "work agreement" is not a misrepresentation and does not constitute procedural unconscionability. Meerovich Decl. ¶ 21; *See, Sammy's Fishbox*, 2015 WL 2152703 at *14 (statement that contracts

9

were "work documents or documents as part of [plaintiffs'] employment application," was not a misrepresentation). A document containing the terms and conditions of employment is, in fact, a "work agreement." Plaintiff does not allege that Defendants otherwise misrepresented the nature of the contract.

Even if the Court were to assume, *arguendo*, that Plaintiff established procedural unconscionability, he does not allege sufficiently that the forum selection clause is substantively unconscionable. *See*, *Ragone*, 595 F.3d at 121 ("Under New York law, a contract is unconscionable when it is so grossly unreasonable or unconscionable . . . as to be unenforceable according to its literal terms." (internal quotation marks and citation omitted)). Plaintiff essentially argues that the Employment Agreement is substantively unconscionable because: (1) it increased his hourly rate from $12 to $13, but decreased his number of hours such that his salary "effectively remained the same"; and (2) he will be unable to pursue recordkeeping violations under the NYLL as a class action in state court. Opp'n at 2, 8.

Plaintiff's first argument is belied by the literal terms of the Employment Agreement, which lists Plaintiff's hourly rate at $15.00 per hour for a total of $600 per week. Employment Agreement ¶ 4(a). As to his second contention, Plaintiff does not cite any authority in support of his claim that he cannot pursue NYLL recordkeeping violations on a class basis in state court. However, even if he cannot pursue a class action, he still may do so on an individual basis. As an initial matter, Plaintiff has not established that a collective action or class treatment is appropriate in this case. Indeed, most of his class and collective action allegations consist of bald, boilerplate language. Compl. ¶¶ 40–59. Secondly, and importantly, parties often waive the class action mechanism altogether. Thus, it is unclear how waiver of a single remedy on a purported class basis would be unconscionable. *See, Lobel v. CCAP Auto Lease, Ltd.*, 74 Misc. 3d 1230(A), at *9 (N.Y. Sup. Ct.,

Westchester Cnty. 2022) (finding class action waiver in arbitration clause valid and enforceable); *Chatziplis v. PriceWaterhouseCoopers LLP*, 2018 WL 3323820, at *3 (S.D.N.Y. July 6, 2018) (applying New York law and concluding that class action waiver in arbitration agreement was not substantively unconscionable).

Finally, the Employment Agreement's plain text reasonably communicated the existence of the forum selection clause. A forum selection clause is reasonably communicated to the resisting party "if it is phrased in clear and unambiguous language." *Magi XXI, Inc. v. Stato Della Del Vaticano*, 818 F. Supp.2d 597, 604–605 (E.D.N.Y. Aug. 24, 2011), *aff'd* , 714 F.3d 714 (2d Cir. 2013); *Saye v. First Specialty Ins. Co.*, 2015 WL 1737949, at *4 (E.D.N.Y. Apr. 16, 2015) ("[T]he forum selection clause was clearly stated in the [contract] and was thus reasonably communicated."). Here, the forum selection clause is set forth in a separate paragraph of the agreement and is written in bold text. It unambiguously states that the "**Supreme Court of the State of New York, County of Kings, shall have exclusive jurisdiction**" over the parties' disputes. Employment Agreement ¶ 19 (emphasis in original); *Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.*, 2004 WL 421793, at *5 (S.D.N.Y. Mar. 5, 2004) ("[The] forum selection clause was in no way hidden from [the nonmoving party] or buried in contract minutia. Rather, the clause was its own paragraph, set-off by a title clearly indicating its purpose.").

The Court finds unavailing Plaintiff's argument that the forum selection clause is inconspicuous because it appears on the penultimate page of the contract without capitalization. Opp'n at 8. Plaintiff cites no authority for this assertion. Indeed, similar and even less conspicuous forum selection clauses have been upheld. *See, e.g.*, *Effron*, 67 F.3d at 9 (forum selection clause stated in fine print was reasonably communicated to plaintiff); *Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp.3d 429, 444 (S.D.N.Y. Nov. 22, 2022) (forum selection clause listed in twentieth

11

paragraph titled "Governing Law" was reasonably communicated). Thus, the forum selection clause was reasonably communicated to Plaintiff.

B.     **Mandatory or Permissive**

Plaintiff does not and cannot legitimately dispute that the forum selection clause is mandatory, nor can he. It clearly provides that the "**Supreme Court of the State of New York, County of Kings, shall have exclusive jurisdiction**" over the parties' disputes, and emphasizes that "**the Courts of the State of New York, County of Kings, [are] the exclusive jurisdiction and venue for any disputes**." Employment Agreement ¶ 19 (bold in original and emphasis added). "A forum selection clause is considered mandatory where: (1) it confers exclusive jurisdiction on the designated forum or (2) incorporates obligatory venue language." *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (internal quotation marks omitted); *See also*, *Saye*, 2015 WL 1737949 at *2, 5 (forum selection clause submitting the parties to the "exclusive jurisdiction of the Courts of the State of New York" was mandatory); *Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp.2d 313, 320–23 (E.D.N.Y. Feb. 17, 2010) (forum selection clause stating that disputes "shall be maintained" in New Jersey state or federal court as the "exclusive jurisdiction" was mandatory). There is no question that the forum selection clause is mandatory.

C.     **Claims and Parties Subject to the Clause**

The Court finds that the claims and parties at issue are subject to the forum selection clause, which Plaintiff does not dispute. The clause is not limited to claims involving the contract itself. Notably, it also covers disputes "**arising out of or relating to**" the agreement and those "**arising out of the relationship between the parties**." *See*, Employment Agreement ¶ 19 (emphasis in original); *See also*, *Lahoud v. Document Techs. LLC*, 2017 WL 5466704, at *4 (S.D.N.Y. Nov. 14,

12

2017) (statutory employment discrimination claims were subject to forum selection clause where provision covered any action "arising out of" or "relating to" the contract).

Moreover, Leydiker may enforce the forum selection clause even though he is a nonsignatory. As Big Apple's food service program supervisor, Leydiker is "closely related" to Big Apple and his enforcement of the clause was "foreseeable" to Plaintiff, a kitchen staffer asserting claims relating to his employment. *See*, *Magi XXXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013); *Lahoud*, 2017 WL 5466704 at *4 (nonsignatory executives and Plaintiff's immediate supervisor were "sufficiently close" to corporate signatory employer to invoke the forum selection clause)

### D.     Rebutting the Presumption of Enforceability

Plaintiff has failed to make a "sufficiently strong" showing that enforcement of the forum selection clause "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *S.K.I. Beer Corp.*, 612 F.3d at 711. Plaintiff may bring his FLSA claims in state court. New York law applies to his NYLL claims in both state and federal court. Thus, Plaintiff will not be deprived of any substantive rights by litigating in state court, let alone be "deprived of his day in court" due to any "grave inconvenience or unfairness" there. *Id*.

Without citation to any legal precedent, Plaintiff argues only that enforcement of the Employment Agreement would be unreasonable and unjust because he could not pursue NYLL recordkeeping violations as a class action pursuant to New York's class action statute. Opp'n at 8. As discussed above, this argument has no basis in law as both New York state and federal case law from this circuit have found such forum selection clauses valid, notwithstanding the possibility that Plaintiff may not be able to pursue his case as a class action, particularly since his rights to pursue

13

his own claims are not affected. Plaintiff otherwise does not assert, nor can he, that adjudicating disputes in state court would be fundamentally unfair, inconvenient, or against public policy. *Id*.

To the extent Plaintiff contends that there was no "meeting of the minds" due to fraud or overreaching, this argument also lacks merit. Opp'n at 2, 8. Courts in this circuit have held repeatedly that allegations relating to "fraudulent inducement of the contract as a whole are insufficient to invalidate a forum selection clause" and, instead, a plaintiff "must allege fraudulent inducement with respect *to the clause itself*." *Thibodeau*, 2008 WL 4849957 at *6 (emphasis added); *See also*, *CDS Bus. Servs. Inc. v. Sebbag*, 2022 WL 18562630, at *5 (E.D.N.Y. Dec. 16, 2022) (finding allegations that the signatory "felt pressured . . . at the 'eleventh hour' to execute and deliver" the contract were insufficient because the resisting party did not "show that the forum selection clause itself was the product of fraud, coercion, or overreaching"); *Arkay Packaging Corp. v. W.R. Chestnut Engineering, Inc.*, 1997 WL 1068673, at *2 n.2 (E.D.N.Y. Jul. 21, 1997) (forum selection clause was valid where the alleged fraud did not relate specifically to the inclusion of the clause in the contract); *Stamm v. Barclays Bank of NY*, 960 F. Supp. 724, 729 (S.D.N.Y. Mar. 26, 1997) (explaining that a "claim of fraud in the inducement of a contract is insufficient" to invalidate a forum selection clause, and that it is "the inclusion of those specific clauses plaintiffs seek to avoid that must have been induced by fraud"). Thus, Plaintiff has failed to rebut the presumption of validity of the Employment Agreement and is subject to the forum selection clause contained therein.

# # # #

## CONCLUSION

For the reasons set forth above, as the Court finds the forum selection clause valid and enforceable, Defendants' motion to dismiss is granted without prejudice to refiling in New York State Supreme Court, Kings County and the Court need not reach Defendants' motion to compel mediation and arbitration.

SO ORDERED.

Dated: Brooklyn, New York
        March 27, 2024

/s/
DORA L. IRIZARRY
United States District Judge