**MANDATE**

24-1149
*Meerovich v. Big Apple Institute, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th of May, two thousand twenty-five.

PRESENT:
      MYRNA PÉREZ,
      ALISON J. NATHAN,
      MARIA ARAÚJO KAHN,
           *Circuit Judges.*

---

MIKHAIL MEEROVICH,

    *Plaintiff-Appellant*,

    v.                                               No. 24-1149

BIG APPLE INSTITUTE, INC., BRONISLAV LEYDIKER,

    *Defendants-Appellees*.

---

1

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | EMANUEL KATAEV, Sage Legal LLC, Jamaica, NY. |
| **FOR DEFENDANTS-APPELLEES:** | GEORGE SITARAS, Sitaras & Associates, PLLC, New York, NY. |

Appeal from a March 28, 2024 judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff-Appellant Mikhail Meerovich challenges the dismissal, on forum non conveniens grounds, of his complaint against his former employer, Big Apple Institute, Inc. ("Big Apple"), and Big Apple manager Bronislav Leydiker.

Meerovich filed his complaint in the U.S. District Court for the Eastern District of New York, alleging violations of the Fair Labor Standards Act and the New York Labor Law. Appellees moved to dismiss Meerovich's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to compel arbitration of Meerovich's claims. To support their Rule 12(b)(3) motion, Appellees pointed to a Support Staff Employment Agreement (the "Agreement") between Big Apple and Meerovich which contained the following forum selection clause: "The parties agree that the Supreme Court of the State of New York, County of Kings, shall have exclusive jurisdiction over any suit, action or proceeding arising out of or relating to this Agreement." App'x at 21 (emphasis omitted). The district court determined the Agreement's forum selection clause is valid and enforceable, and dismissed Plaintiff's complaint. Meerovich timely appealed.

2

# FACTS

Before delving into the relevant facts, we acknowledge that the district court made statements that could be construed as weighing evidence and making credibility determinations favoring Appellees. *See* App'x at 57 ("Plaintiff's assertions are contradicted by Defendant Leydiker's declaration. . . . Leydiker attested that Plaintiff returned the Employment Agreement <u>after</u> the holidays, which is supported by the January 1, 2019 date on the Employment Agreement."); *id.* at 58 ("These bald assertions by Plaintiff are contradicted by Defendant Leydiker's declaration . . . ."). Of course, had the district court weighed evidence or made credibility determinations favoring Appellees, it would have been improper. Absent an evidentiary hearing (which the district court declined to hold),[1] all disputed facts must be resolved in favor of the party seeking to avoid enforcement of the forum selection clause. *Martinez v. Bloomberg LP*, 740 F.3d 211, 216–17 (2d Cir. 2014). Given the district court's mention of the correct standard elsewhere in its opinion, we presume any indication that a contrary standard was used by the district court was merely inartful phrasing. *See* App'x at 55 ("The party seeking to avoid enforcement of the clause is entitled to have disputed facts resolved in its favor . . . . .").

We recount the relevant facts in the light most favorable to Meerovich, accepting them as true for purposes of deciding this appeal.

---

[1] The district court did not abuse its discretion in choosing not to have an evidentiary hearing. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (indicating that this Court reviews a district court's denial of an evidentiary hearing for abuse of discretion). While the district court's opinion is inartful in addressing certain disputed facts, its decision does not amount to abuse of discretion because any factual disputes have no impact on the outcome of the forum selection clause analysis. *See id.* (finding no abuse of discretion in declining to hold an evidentiary hearing where "allegations in [an] affidavit [in opposition to a motion to dismiss] [we]re not sufficient to create a material issue of fact").

3

Meerovich served as an employee of Big Apple from April 1, 2017, through December 16, 2020. In December 2018, Meerovich met with a Big Apple employee named Alla in a "meeting [that] took approximately (3) minutes and was very rushed." App'x at 48 ¶ 12. In this meeting, Alla presented Meerovich with an Agreement she described as a "work agreement." *Id.* at 49 ¶ 21. Alla also indicated that Meerovich's hours would decrease slightly, but his salary would remain the same. *See id.* at 48 ¶¶ 13–14. Meerovich asserts: "I was given no opportunity to review [the Agreement] and it was effectively implied that I cannot keep my job unless I sign the documents then and there." *Id.* at 48 ¶ 16. Meerovich signed the Agreement.

The Agreement includes the following "Applicable Law" provision:

This Agreement shall be construed in accordance with the laws of the State of New York without regard to the conflicts of laws principles thereof. **The parties agree that the Supreme Court of the State of New York, County of Kings, shall have exclusive jurisdiction over any suit, action or proceeding arising out of or relating to this Agreement. The Employee [Meerovich] hereby agrees and consents to personal jurisdiction of the Courts of the State of New York, County of Kings, as the exclusive jurisdiction and venue for any disputes, controversies, or claims arising out of the relationship between the parties and this Agreement, and waives all defenses based on forum non-conveniens.**

App'x at 21 (emphasis in original).

## STANDARD OF REVIEW

At the crux of this appeal is whether the district court properly enforced the Agreement's forum selection clause. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*, rather than Rule 12(b)." *Rabinowitz v. Kelman*, 75 F.4th 73, 80 (2d Cir. 2023) (internal quotation marks omitted) (quoting *Martinez*, 740 F.3d at 216). The Agreement's forum selection clause points to a state court as the court with exclusive jurisdiction over claims "arising out of or relating to [the] Agreement," so

4

the district court was correct to analyze Appellees' motion under the forum non conveniens framework. App'x at 21 (emphasis omitted). We review a dismissal on forum non conveniens grounds, including one based on a forum selection clause, for abuse of discretion. *See Rabinowitz*, 75 F.4th at 81–82.

## DISCUSSION

We affirm the judgment of the district court because Meerovich fails to identify any abuse of discretion.

### A. Lack of Meeting of the Minds

We briefly note that Meerovich's lead argument is that, because there was no "meeting of the minds" between the parties, the Agreement as a whole is unenforceable, including its embedded forum selection clause. We need not decide which question we must answer first: the enforceability of the contract as a whole or the forum selection clause in particular. This is because even assuming we must answer the contract formation question first, Meerovich's allegations and his affidavit are insufficient to raise a question of fact about whether the Agreement is unenforceable. Meerovich signed the Agreement, initialing each page. *See* App'x at 13–22. He also indicated that Alla communicated with him in his native Russian, because while he "can communicate in English," his "English is basic and rudimentary." *See* App'x at 47–48 ¶¶ 6, 12. New York law makes plain that "the fact that a prospective employee possesses an imperfect grasp of the English language will not relieve the employee of making a reasonable effort to have the document explained to him." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 122 (2d Cir. 2010) (applying New York law). Additionally, while there are circumstances where "fraud or other wrongful act[s]" may render an agreement unenforceable, absent either, a signor is

5

"conclusively presumed to know [an agreement's] contents and to [have] assent[ed] to them," and it is the signor's burden to "have his concerns addressed before signing" the agreement. *See Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Metzger v. Aetna Ins. Co.*, 125 N.E. 814, 816 (N.Y. 1920); then citing *Consol. Edison Co. of N.Y., Inc. v. United States*, 221 F.3d 364, 371 (2d Cir. 2000)) (applying New York law). Here, Meerovich has never asserted that he asked to have the Agreement explained to him before signing or that Alla engaged in any wrongful conduct when asking him to sign the Agreement. *See, e.g.*, *Morris v. Snappy Car Rental*, 637 N.E.2d 253, 256–57 (N.Y. 1994) (enforcing contract where the record was devoid of any indication that the signor "was prevented from reading the agreement or asking that its contents be explained to her" before signing). Accordingly, Meerovich's argument that there was no meeting of the minds is insufficient to render the Agreement unenforceable.

### B. Enforceability of Forum Selection Clause

The district court also did not abuse its discretion in enforcing the forum selection clause.

A forum selection clause is "presumptively enforceable" if the first three requirements of a four-step analysis are met: First, "the clause was reasonably communicated to the party resisting enforcement;" second, "the clause is mandatory;" and third, "the claims and parties involved in the suit are subject to the forum selection clause." *Martinez*, 740 F.3d at 217 (internal quotation marks omitted) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007)). If those requirements are met, then at the fourth step, a "party can overcome this presumption [of enforceability] only by . . . 'making a sufficiently strong showing that enforcement would be

6

unreasonable or unjust, or that the clause was invalid for reasons such as fraud or overreaching.'"

*Id.* (quoting *Phillips*, 494 F.3d at 383–84).

We focus on steps one and four of the forum selection clause analysis. We interpret Meerovich's argument that there was no meeting of the minds as also contesting step one of the analysis. The following is undisputed: Someone at Big Apple (Meerovich says it was Alla) presented Meerovich with the Agreement, *see* App'x at 48–49 ¶¶ 9–21; the forum selection clause was included in clearly legible, bold text on page eight of the Agreement, *see id.* at 21; and Meerovich signed the Agreement and initialed each page, *see id.* at 13–22. In claiming he did not understand the Agreement, including the embedded forum selection clause, Meerovich conflates reasonable communication with content comprehension. Given the facts of this case, the district court did not abuse its discretion in determining the forum selection clause was "reasonably communicated" to Meerovich, thus satisfying step one of the analysis. *Cf. Starkey v. G Adventures, Inc.*, 796 F.3d 193, 197–98 (2d Cir. 2015) (finding forum selection clause was reasonably communicated because, while it appeared "in fine print," the party to be bound by the clause was reasonably directed to it).

Meerovich squarely contested the fourth step of the forum selection clause analysis, claiming that the clause at issue is the product of overreaching because Big Apple "misrepresented and/or omitted [the Agreement's] key terms in explaining it, then directed him to sign without giving him an opportunity to review it." Appellant Br. at 15. But Meerovich's affidavit indicates Alla described the Agreement as a "work agreement," App'x at 49 ¶ 21, which is not a misrepresentation. Meerovich points to no other misrepresentation or omission, and certainly none that pertain specifically to the forum selection clause. *Cf. Scherk v. Alberto-Culver Co.*,

7

417 U.S. 506, 519 n.14 (1974) (concluding that a forum selection clause is "not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion" (emphasis in original)). Further, while Meerovich claims that the meeting at which he signed the Agreement was rushed and vaguely suggests that he was pressured to sign quickly, he alleges no facts to support a claim that he was coerced into signing. Accordingly, Meerovich's overreaching argument lacks merit. *See Martinez*, 740 F.3d at 217.

For these reasons, the district court did not abuse its discretion in enforcing the forum selection clause.

### C. Forfeiture

Meerovich also argues, for the first time on appeal, that the Agreement is unenforceable because it expired within a year of its January 1, 2019 execution date and it was not renewed. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (alteration adopted) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)). While this Court may exercise discretion and consider an argument not previously raised, Meerovich fails to provide a compelling reason for doing so. Accordingly, we decline to consider this new argument.

\* \* \*

We have considered Meerovich's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court dismissing Meerovich's complaint without prejudice to refiling in New York State Supreme Court, Kings County.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit